# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 24-cv-02705-NYW-MDB

WILLIAM JAROD WEBB,

    Plaintiff,

v.

MARTIN COUNTY, FLORIDA,
SHERIFF WILLIAM SNYDER, in his official capacity,
DETECTIVE NICOLE J. WALTERS, in her individual capacity,
SERGEANT JOSEPH DECKARD, in his individual capacity,
JOHN DOE MARTIN COUNTY DEPUTIES,
THOMAS BAKKEDAHL,
KAITLIN LUSTGARTEN,
DAVID J. LUCERO,
JEFF CHOSTNER,
JOHN BUDENSIEK, and
JOHN DOE PUEBLO COUNTY DEPUTIES,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATIONS

This matter is before the Court on two Recommendations of United States Magistrate Judge issued by the Honorable Maritza Dominguez Braswell on November 20 and November 26, 2024. [Doc. 43; Doc. 54]. Judge Dominguez Braswell recommends that various Motions filed by Plaintiff William Jarod Webb ("Plaintiff" or "Mr. Webb") be denied. *See* [Doc. 43 at 2; Doc. 54 at 1]. Mr. Webb has objected to those Recommendations, [Doc. 56; Doc. 58], as well as Judge Dominguez Braswell's non-dispositive order denying Plaintiff's Motion for Limited Discovery, *see* [Doc. 57; Doc. 61; Doc. 62]. For the reasons set forth herein, Plaintiff's objections are respectfully **OVERRULED** and Judge Dominguez Braswell's Recommendations are **ADOPTED**.

# LEGAL STANDARDS

## I. Rule 72(a)

When a magistrate judge issues an order on a non-dispositive matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Under this standard of review, a magistrate judge's findings should not be rejected merely because the district court would have decided the matter differently. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A district court must affirm a magistrate judge's decision unless "on the entire evidence" the district court "is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

## II. Rule 72(b)

A district court may refer a dispositive motion[1] to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d

---

[1] Judge Dominguez Braswell recognized that many of Plaintiff's Motions are "*de facto* requests for preliminary injunctive relief." [Doc. 43 at 2 n.3]. Courts in this District regularly treat motions for injunctive relief as dispositive motions. "For purpose of reference, motions for preliminary injunction are generally treated as dispositive motions, and thus, the Court reviews the objected-to portions of the Magistrate Judge's Recommendation *de novo*." *Georgacarakos v. Wiley*, No. 07-cv-01712-MSK-MEH, 2008 WL 4216265, at *19 (D. Colo. Sept. 12, 2008).

1057, 1060 (10th Cir. 1996).  Specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

### III. Pro Se Filings

Pro se filings are entitled to liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court cannot and does not act as a pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to pro se parties as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

Judge Dominguez Braswell sets forth the factual circumstances of this case in her November 20 Recommendation, *see* [Doc. 43 at 2–4], and Mr. Webb does not object to this portion of the Recommendation, *see* [Doc. 58].  The Court thus adopts Judge Dominguez Braswell's recitation of the facts and incorporates it into this Order.  Broadly speaking, Mr. Webb takes issue with his pending criminal prosecution in Martin County, Florida, and asks this Court to intervene and weigh in on various aspects of that proceeding.  To meet that end, Mr. Webb has filed various motions:

1. Plaintiff's Motion to Stay Extradition [Doc. 6];

2. Plaintiff's Motion to Quash Florida Warrant [Doc. 7];

3. Plaintiff's Notice of Unwarranted Bond Revocation and DA's Motion for Non-Testimonial Identification Procedure, [Doc. 25], wherein he asks the Court to "review the decision to revoke [his] bond," [*id.* at 2];

4. A Request for Emergency Stay Due to Immediate Extradition to Florida [Doc. 36];

3

5. A second Request for Emergency Stay Due to Immediate Extradition to Florida [Doc. 37]; and

6. A Motion to Quash Governor's Warrant [Doc. 45].

Mr. Webb also filed a Motion for Limited Discovery, seeking an opportunity to conduct discovery into certain Colorado-based officials' involvement in his arrest in the Florida case. See [Doc. 57].

Judge Dominguez Braswell recommends that Plaintiff's Motions asking the Court to intervene in his state proceedings be denied based on the *Younger* abstention doctrine. [Doc. 43 at 6–13 (addressing the first five Motions); Doc. 54 at 2–4 (addressing Plaintiff's Motion to Quash Governor's Warrant)]; *see also Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 669–70 (10th Cir. 2020) ("*Younger* provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in 'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)).[2]  Mr. Webb objects to the Recommendations, arguing that the *Younger* abstention doctrine does not apply to this case. See [Doc. 56; Doc. 58].

## ANALYSIS

**I.  *Younger* Abstention**

The *Younger* abstention doctrine applies "*only when* the state proceeding falls into one of the following categories: '(1) state criminal prosecutions, (2) civil enforcement proceedings [that take on a quasi-criminal shape], and (3) civil proceedings involving

---

[2] The Court notes that there are three pending Motions to Dismiss in this case, each of which raises a *Younger* argument, among other arguments.  See [Doc. 52 at 8; Doc. 67 at 5; Doc. 74 at 6].  Those Motions to Dismiss have been referred to Judge Dominguez Braswell, and the Court does not pass on those Motions at this time.

4

certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function.'" *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (quoting *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 522 (10th Cir. 2023) (alteration in original)).  If—and only if—the state court proceeding falls within one of these three categories, the Court considers whether there is (1) an ongoing state judicial proceeding; (2) the presence of an important state interest, and (3) an adequate opportunity to raise federal claims in the state proceedings.  *Id.*  *Younger* abstention does not apply, however, if the Court "properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith."  *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975) (quotation omitted).

## II.     Plaintiff's Objections

Mr. Webb objects to Judge Dominguez Braswell's Recommendations and asserts many reasons why he believes the *Younger* abstention doctrine does not apply to this case.  [Doc. 56; Doc. 58].

***Ongoing State Proceeding.***  First, Mr. Webb argues that there is no ongoing state proceeding because his criminal prosecution is in Florida, not Colorado, and "[t]he lack of ongoing state proceedings in Colorado removes this case from the scope of the Younger doctrine."  [Doc. 58 at 2].  This argument is unsupported by and contrary to established legal authority.  There is no requirement that the ongoing state proceeding be pending in the same state as the parallel federal litigation, and federal courts routinely abstain under *Younger* based on cases pending in another state.  *See, e.g.*, *Adobe Sys. v. James*, No. 2:10-cv-01228-TS, 2011 WL 573393, at *5 (D. Utah Feb. 15, 2011) (abstaining under *Younger* due to pending California case); *Pine Tree Cap., LLC v. BOKF, N.A.*, No. 20-cv-

5

00145-SWS, 2020 WL 6060926, at *5 (D. Wyo. Sept. 10, 2020) (abstaining under *Younger* due to pending Texas case).  Mr. Webb also argues that he is "out on bond with no open or ongoing state court proceedings in which any filings could occur." [Doc. 56 at 2–3].  But he provides no evidence that his Florida case has been dismissed, *see* [*id*.], and Plaintiff's release on bond is not determinative of whether the Florida case remains pending.[3]

**Opportunity to Raise Federal Claims in State Court.**  Plaintiff next argues that he lacks an opportunity to raise his challenges to his state court prosecution in state court. [Doc. 56 at 3; Doc. 58 at 2].  However, Plaintiff did not raise this argument in his various filings in support of his Motions.  *See, e.g.*, [Doc. 6; Doc. 7; Doc. 25; Doc. 29; Doc. 30; Doc. 36; Doc. 37].  He cannot raise this argument for the first time in an objection. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); *see also* NYW Civ. Practice Standard 72.3(b) ("Should the objecting party seek to make arguments . . . were not raised before the Magistrate Judge, such party must expressly identify those arguments and/or exhibits and explain why such omitted arguments . . . should be considered, in the first instance, upon Objection.").

---

[3] The Court observes that one of Plaintiff's filings references a bond revocation.  *See* [Doc. 25 at 2].  But about a month later, Plaintiff represented that he is out on bond.  *See* [Doc. 62 at 1]; *see also* [Doc. 45; Doc. 56; Doc. 62 (various filings submitted after Plaintiff's apparent bond revocation)].  Plaintiff has not filed any notice of change of address, as required by Local Rule 5.1, *see* D.C.COLO.LCivR 5.1(c) ("Notice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change."), and has continued to use his personal address as his address of record, *see* [Doc. 25 at 1, 3; Doc. 62 at 3].  The Court also notes that Plaintiff elected to become a CM/ECF e-filer, which means that as of October 29, 2024, he has received service of Court orders via email, rather than United States mail.  *See* [Doc. 19].

Moreover, Mr. Webb's arguments fail on their merits. He asserts that he lacks an opportunity to raise his arguments in state court because "[h]is habeas petitions were dismissed without hearings." [Doc. 56 at 3]. But "[t]ypically, a plaintiff has an adequate opportunity to raise federal claims in state court unless state law clearly bars the interposition of the federal statutory and constitutional claims." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (cleaned up). The fact that Plaintiff was denied the relief sought does not demonstrate that he lacks an opportunity to raise his challenges in state court. *See Andrew v. Plotz*, No. 20-cv-03240-LTB-GPG, 2020 WL 13832010, at *2 (D. Colo. Dec. 14, 2020) ("The fact that [the plaintiff's] claims have not been successful does not demonstrate he lacks an adequate opportunity to present them."), *report and recommendation adopted*, 2021 WL 11664739 (D. Colo. Jan. 5, 2021).

**Bad Faith.** Plaintiff also argues that he "has provided ample evidence of bad faith . . . in the Florida prosecution" and that "[t]he Magistrate Judge failed to fully consider th[is] argument and [its] impact on the applicability of Younger abstention." [Doc. 58 at 2]; *see also* [Doc. 56 at 3]. But Judge Dominguez Braswell did consider the argument that the Florida prosecution was brought in bad faith, and she determined that "Plaintiff has failed to show the prosecution is being conducted in bad faith." [Doc. 43 at 12]; *see also* [Doc. 54 at 3]. Mr. Webb's cursory assertion does not identify any purported error in the magistrate judge's analysis and does not preserve the objection for de novo review. *See Saleh v. Silco Oil Co.*, No. 19-cv-02973-PAB-NRN, 2020 WL 4915604, at *3 (D. Colo. Aug. 20, 2020) ("In objecting to the magistrate judge's recommendation, plaintiffs must raise specific arguments addressing purported errors in the recommendation."); *Jones v.*

7

*United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) ("[The] objection disputes only the correctness of the recommendation and does not point to specific errors made by Judge Dominguez Braswell. [The] objection is therefore insufficient."). The Court has reviewed Plaintiff's Motions, his objections, and the Recommendations and concurs with Judge Dominguez Braswell's analysis.

Because Mr. Webb has not demonstrated any error in Judge Dominguez Braswell's Recommendations, his objections are respectfully **OVERRULED** and the Recommendations are **ADOPTED**.[4]

***Plaintiff's Rule 72(a) Objection.*** Finally, Mr. Webb objects to Judge Dominguez Braswell's Minute Order denying his Motion for Limited Discovery. [Doc. 57]. Judge Dominguez Braswell denied this Motion because "[m]ost, if not all, of the requests made by Plaintiff have the same *Younger* abstention issues as the Court addressed in [the November 26 Recommendation]" and "to the extent any request is not implicated by *Younger*, it is premature as discovery has not yet opened in this matter." [Doc. 61].

Mr. Webb objects to this ruling. He first argues that *Younger* abstention is inapplicable to this case because (1) he is out on bond and (2) "there are no active or open cases in state court involving Pueblo County or its officials." [Doc. 62 at 1]. For the reasons discussed above, this argument is unpersuasive and fails to show that *Younger* is inapplicable to this case. As for Judge Dominguez Braswell's statement that the Motion for Limited Discovery was premature, Mr. Webb argues that his Motion was filed pursuant

---

[4] Plaintiff's other arguments challenge substantive aspects of the state proceedings, such as the jurisdiction of the Florida court or the existence of probable cause supporting his charges. [Doc. 58 at 2–3]. Because the Court finds *Younger* abstention appropriate and necessary, the Court cannot consider those arguments.

8

to Rule 26 of the Federal Rules of Civil Procedure, "which permits early discovery upon a showing of good cause," and asserts that he "has demonstrated such cause, given the need to preserve evidence, prevent spoliation, and obtain critical information central to resolving the jurisdictional and constitutional issues in this case." [*Id.* at 2].

Under Rule 26(d), formal discovery generally will not commence until after the parties have conferred under Rule 26(f), unless authorized by Court order. Fed. R. Civ. P. 26(d). "In this district, courts permit such expedited discovery upon a showing of good cause." *SEBO Am., LLC v. Does*, No. 21-cv-02865-RM-STV, 2021 WL 5167196, at *1 (D. Colo. Oct. 29, 2021). However, "a plaintiff does not get discovery until he alleges a plausible claim." *Dechant v. Grayson*, No. 2:20-cv-02183-HLT, 2021 WL 63280, at *2 n.3 (D. Kan. Jan. 7, 2021); *cf. Scherbarth v. Woods*, No. 16-cv-02391-KHR, 2018 WL 851344, at *7 (D. Colo. Feb. 13, 2018) ("Plaintiff cannot issue discovery to determine whether he could add a claim."). Given the *Younger* abstention issue central to this case and the pending motions to dismiss, *see* [Doc. 67; Doc. 74], Judge Dominguez Braswell was well within her discretion to deny Plaintiff early discovery in this case. Mr. Webb has not shown that Judge Dominguez Braswell's Minute Order was clearly erroneous or contrary to law, Fed. R. Civ. P. 72(a), and his objection is respectfully **OVERRULED**.

## CONCLUSION

For the above reasons, **IT IS ORDERED** that:

(1) Plaintiff's Objection to Magistrate Judge's Recommendation [Doc. 58] is **OVERRULED**;

(2) The Recommendation of United States Magistrate Judge [Doc. 43] is **ADOPTED**;

9

(3)  Plaintiff's Motion to Stay Extradition [Doc. 6] is **DENIED**;

(4)  Plaintiff's Motion to Quash Florida Warrant [Doc. 7] is **DENIED**;

(5)  Plaintiff's Notice of Unwarranted Bond Revocation and DA's Motion for Non-Testimonial Identification Procedure [Doc. 25] is **DENIED**;

(6)  The Request for Emergency Stay Due to Immediate Extradition to Florida [Doc. 36] is **DENIED**;

(7)  The Request for Emergency Stay Due to Immediate Extradition to Florida [Doc. 37] is **DENIED**;

(8)  Plaintiff's Objection to Magistrate Judge's Recommendation, Request for Review of Motion for Discovery, and Notice that the Younger Abstention Doctrine Does Not Require This Court to Abstain [Doc. 56] is **OVERRULED**;

(9)  The Recommendation of United States Magistrate Judge [Doc. 54] is **ADOPTED**;

(10) The Motion to Quash Governor's Warrant [Doc. 45] is **DENIED**; and

(11) Plaintiff's Objection to Minute Order [57] Denying Motion for Limited Discovery and Request for Review by District Judge Pursuant to Rule 72(a) is **OVERRULED**.

DATED:  April 21, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge