IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-02705-NYW-MDB

WILLIAM JAROD WEBB,

    Plaintiff,

v.

MARTIN COUNTY, FLORIDA,
SHERIFF WILLIAM SNYDER, in his official capacity,
DETECTIVE NICOLE J. WALTERS, in her individual capacity,
SERGEANT JOSEPH DECKARD, in his individual capacity,
JOHN DOE MARTIN COUNTY DEPUTIES,
THOMAS BAKKEDAHL,
KAITLIN LUSTGARTEN,
DAVID J. LUCERO,
JEFF CHOSTNER,
JOHN BUDENSIEK, and
JOHN DOE PUEBLO COUNTY DEPUTIES,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Amended Recommendation of United States Magistrate Judge issued by the Honorable Maritza Dominguez Braswell on April 30, 2025. [Doc. 78].[1] The Recommendation concerns four pending Motions: (1) Defendants Sheriff, Walters, Deckard and Martin County's Motion to Dismiss Amended Complaint (the "Martin County Motion to Dismiss"), [Doc. 31]; (2) Pueblo Defendants' Motion to Dismiss (the "Pueblo County Motion to Dismiss"), [Doc. 52]; (3) Defendant Budensiek's

---

[1] The Recommendation was issued as an amended document to correct a clerical error in the original Recommendation of United States Magistrate Judge entered on April 30, 2025. See [Doc. 77; Doc. 78 at 2 n.4]. The later-filed Recommendation supersedes the original and the Court's analysis is limited to the operative Recommendation.

Motion to Dismiss Amended Complaint (the "Budensiek Motion to Dismiss"), [Doc. 67]; and (4) Defendants Kaitlin Lustgarten and Thomas Bakkedahl's Motion to Dismiss Plaintiff's Amended Complaint With Prejudice and Incorporated Memorandum of Law (the "Florida Motion to Dismiss"), [Doc. 74].

Judge Dominguez Braswell recommends that the Martin County Motion to Dismiss, the Pueblo County Motion to Dismiss, and the Budensiek Motion to Dismiss be granted in part and denied in part. [Doc. 78 at 2]. She also recommends that the Florida Motion to Dismiss be granted in full. [*Id.*]. Plaintiff William Jarod Webb ("Plaintiff" or "Mr. Webb") objects to the Recommendation, [Doc. 80], and the various groups of Defendants[2] have responded, *see* [Doc. 90; Doc. 91; Doc. 92].[3] For the reasons set forth herein, Plaintiff's objections are respectfully **OVERRULED** and Judge Dominguez Braswell's Recommendation is **ADOPTED**.

**LEGAL STANDARDS**

I.   **Rule 72(b)**

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo

---

[2] Consistent with Judge Dominguez Braswell's Recommendation, the Court refers to Defendants William Snyder, Nicole J. Walters, Joseph Deckard, John Budensiek, John Doe Martin County Deputies, and Martin County as the "Martin County Defendants." Defendants David J. Lucero, Jeff Chostner, John Doe Pueblo County Deputies, and Pueblo County are referred to as the "Pueblo County Defendants." Defendants Kaitlin Lustgarten and Thomas Bakkedahl are referred to as the "Florida Defendants."

[3] Mr. Webb filed a Reply in Support of Objection to the Magistrate Judge's Recommendation and Notice of False Court Filings, Fraudulent Summons, Retaliatory Prosecution, and Bad Faith Invocation of Younger Abstention. [Doc. 94]. However, Rule 72 does not contemplate the filing of a reply in support of objections. *See* Fed. R. Civ. P. 72(b). Because Plaintiff did not seek and obtain leave of Court to file a reply brief, the Court declines to consider the arguments raised in the Reply. *See Hellen v. Am. Fam. Ins. Co.*, No. 22-cv-02717-REB-SBP, 2024 WL 3634939, at *1 (D. Colo. Feb. 21, 2024).

any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

## II.   Rule 12(b)(1)

Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim. Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)).

## III.   Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). The plaintiff may not rely on mere labels or

conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

## IV.     Pro Se Filings

Pro se filings are entitled to liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as a pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to pro se parties as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

Judge Dominguez Braswell sets forth the relevant background of this case in her Recommendation, *see* [Doc. 78 at 3–6], and the Court adopts Judge Dominguez Braswell's recitation of the facts and incorporates it into this Order. Broadly, this case arises from a criminal prosecution of Plaintiff in Martin County, Florida. *See generally* [Doc. 18]. Plaintiff was arrested by the Pueblo County, Colorado Sheriff's Office pursuant to an arrest warrant issued out of Martin County, Florida. [*Id.* at 38–39]. Plaintiff takes issue with his arrest, extradition to Florida, and ongoing prosecution, asserting that the Martin County Defendants and Pueblo County Defendants have violated his Fourth, Eighth, and Fourteenth Amendment rights. [*Id.* at 8–10]. He also asserts that the Florida Defendants have violated his constitutional rights. [*Id.* at 34–35]. Judge Dominguez Braswell construes the Amended Complaint as asserting the following claims:

4

(1) Fourth and Fourteenth Amendment claims against the Florida Defendants in their official capacities based on the underlying arrest warrant, [Doc. 78 at 10–11];

(2) Fourth, Eighth, and Fourteenth Amendment claims against the Pueblo County Defendants based on the enforcement of the arrest warrant for both injunctive and monetary relief, [*id.* at 11–12];

(3) Fourth, Eighth, and Fourteenth Amendment claims against the Martin County Defendants based on the ongoing state criminal proceedings for both injunctive and monetary relief, [*id.*]; and

(4) Fourth Amendment and Fourteenth Amendment claims against Defendants Lucero and the John Doe Pueblo County Deputies in their official capacity and Pueblo County based on alleged excessive non-contact force during Plaintiff's arrest and alleged deliberately indifferent medical treatment during Plaintiff's detention in Pueblo County, [*id.* at 19–24].

Plaintiff does not object to this characterization of his claims. *See* [Doc. 80].

Judge Dominguez Braswell recommends that this Court grant the Florida Motion to Dismiss and dismiss Plaintiff's claims against the Florida Defendants. [Doc. 78 at 2, 25]. She recommends that the remaining three Motions to Dismiss be granted in part and denied in part. [*Id.*]. Applying the *Younger* abstention doctrine, she recommends that the Pueblo County Motion to Dismiss, the Martin County Motion to Dismiss, and the Budensiek Motion to Dismiss be granted to the extent they seek dismissal of the Fourth and Fourteenth Amendment claims (a) asserted against the Pueblo County Defendants and Martin County Defendants, (b) that relate to Plaintiff's prosecution and extradition, and (c) seek to enjoin the Florida prosecution or extradition. [*Id.* at 18]. However, to the

5

extent these Motions seek dismissal of the Fourth and Fourteenth Amendment claims (a) asserted against the Pueblo County Defendants and Martin County Defendants, (b) that relate to Plaintiff's prosecution and extradition, and (c) seek money damages, Judge Dominguez Braswell recommends that those claims be stayed pending the resolution of Plaintiff's criminal case. [*Id.* at 19]. As for Plaintiff's claims of excessive force and deliberate indifference asserted against Defendant Lucero, the John Doe Pueblo County Deputies, and Pueblo County, Judge Dominguez Braswell recommends that these claims be dismissed without prejudice for failure to state a claim under Rule 12(b)(6). [*Id.* at 23–24, 26].

Plaintiff objects to the Recommendation, arguing generally that *Younger* abstention does not apply to his case. *See* [Doc. 80]. The Florida Defendants, the Martin County Defendants, and the Pueblo Defendants have responded to Plaintiff's objections. [Doc. 90; Doc. 91; Doc. 92].

## ANALYSIS

### I. *Younger* Abstention

Under the *Younger* abstention doctrine, "a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in 'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 669–70 (10th Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). The *Younger* abstention doctrine applies "*only when* the state proceeding falls into one of the following categories: '(1) state criminal prosecutions, (2) civil enforcement proceedings [that take on a quasi-criminal shape], and (3) civil proceedings involving certain orders that are

6

uniquely in furtherance of the state courts' ability to perform their judicial function.'" *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (quoting *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 522 (10th Cir. 2023) (alteration in original)). If—and only if—the state court proceeding falls within one of these three categories, the Court considers whether there is (1) an ongoing state judicial proceeding; (2) the presence of an important state interest; and (3) an adequate opportunity to raise federal claims in the state proceedings. *Id.* *Younger* abstention does not apply, however, if the Court "properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975) (quotation omitted).

## II.　　Plaintiff's Objections

### A.　　Incorrect State Docket Sheet

First, Plaintiff objects to Judge Dominguez Braswell's Recommendation by stating that the Recommendation is "based on a materially false record created by Defendants." [Doc. 80 at 1].[4] He argues that the Florida Defendants submitted the docket sheet from the wrong criminal proceeding in conjunction with their Motion to Dismiss and that this "had the direct effect of misleading the Magistrate Judge into believing there was an ongoing, judicially supervised, and substantively developed state prosecution against Plaintiff at the time the federal civil action was filed." [*Id.*]; *see also* [Doc. 74-1]. In their response, the Florida Defendants acknowledge that they "inadvertently attached the incorrect state court docket" to their Motion to Dismiss, [Doc. 90 at 2], and attach the correct docket sheet associated with Plaintiff's pending criminal prosecution, *see* [Doc.

---

[4] The Court omits any emphasis contained in Plaintiff's objections without further note.

90-1].[5]  In addition, on August 28, 2025, the Court ordered the Florida Defendants to file an up-to-date copy of the state court docket sheet, *see* [Doc. 96], and they did so on September 5, 2025, *see* [Doc. 97].

The Florida Defendants' inadvertent filing error does not create any legitimate reason to reject Judge Dominguez Braswell's Recommendation.  The Recommendation does not cite the incorrect docket sheet, so there is no indication that Judge Dominguez Braswell actually relied on it in her Recommendation.  *See* [Doc. 78].  Moreover, Plaintiff himself references a pending criminal proceeding in his Amended Complaint, so there is no question that there are some current criminal proceedings against Plaintiff in Florida.  *See, e.g.*, [Doc. 18 at 10 (referencing "charges and allegations" against Plaintiff); *id.* at 11 (referencing "[his] detention, and the subsequent legal actions taken against [him]" and [t]he charges brought against [him] by Florida authorities"); *id.* (alleging that he is "innocent of all charges")].  Indeed, the state court docket sheet reflects ongoing criminal proceedings against Plaintiff.  *See* [Doc. 97 at 3–4].[6]  The Florida Defendants' inadvertent filing error was harmless.  This objection is respectfully **OVERRULED**.

B.    **Ongoing Criminal Prosecution**

Next, Plaintiff argues that *Younger* abstention does not apply because abstention requires the existence of "a prosecution, not just an arrest warrant."  [Doc. 80 at 2].  He contends that at the time he filed this federal civil action, "no formal criminal charges had been filed against him."  [*Id.*].  He argues that this is "legally fatal" to all Defendants'

---

[5] The Court notes that the docket sheet attached to the Florida Defendants' Motion to dismiss reflects a criminal proceeding against Rudolf Zwaans, *see* [Doc. 74-1], who Plaintiff appears to allege is or was his boss, *see* [Doc. 18 at 8].

[6] The Court may take judicial notice of the state court docket sheet.  *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).

*Younger* abstention arguments, asserting that *Younger* abstention requires that the related state proceedings be commenced prior to the subject federal action. [*Id.* at 2–3]. Only the Martin County Defendants respond to this objection, arguing that the Supreme Court has "determined that even if state criminal proceedings are begun after the federal complaint is filed but before any proceedings of substance on the merits have taken place in federal court, the principles of [*Younger*] should apply in full force." [Doc. 91 at 2–3].

Indeed, as the Martin County Defendants point out, the Supreme Court has never held "that for [*Younger* abstention] to apply, the state criminal proceedings must be pending on the day the federal case is filed." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975). Rather, "*Younger* abstention remains appropriate so long as a pending state court proceeding exists before the federal district court begins its own 'proceedings of substance on the merits.'" *Ellis v. Lemons*, 667 F. App'x 697, 698 (10th Cir. 2016) (quoting *Hicks*, 422 U.S. at 439)).

"The exact meaning of 'proceedings of substance on the merits' is unclear." *Ariz. Yage Assembly v. Garland*, 595 F. Supp. 3d 869, 887 (D. Ariz. 2022); *see also Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 971 (S.D. Ohio 2010) (stating that the "contours of what defines a proceeding of substance have yet to be established by the Supreme Court"). Even so, the Court here can easily conclude that no proceedings of substance on the merits occurred in this federal civil action before the state court prosecution was filed. The state court case appears to have been initiated on April 3,

9

2024 or December 31, 2024. [Doc. 97 at 4].[7] An information was filed on December 13, 2024, and Plaintiff was arraigned on January 2, 2025. [*Id.*].[8]

As for the instant case, Plaintiff filed the case on September 30, 2024. [Doc. 1]. He filed a number of motions, *see* [Doc. 6; Doc. 7; Doc. 8], and he later filed the Amended Complaint, [Doc. 18]. On November 20 and November 26, 2024, Judge Dominguez Braswell recommended that Plaintiff's motions asking the Court to stay the various Florida proceedings be denied. *See* [Doc. 43; Doc. 54]. Judge Dominguez Braswell also denied Plaintiff's motion for limited discovery on November 26, 2024. [Doc. 54]. This Court did not rule on Judge Dominguez Braswell's recommendations or Plaintiff's various motions until April 21, 2025, when it denied the relief Plaintiff requested. *See* [Doc. 76].

Plaintiff's prior motions asking the Court to stay the ongoing Florida proceedings sought relief akin to a preliminary injunction or temporary restraining order. *See* [Doc. 6; Doc 8]. In *Hicks*, the Supreme Court decided that the denial of a motion for temporary restraining order did not about to "proceedings of substance on the merits." 422 U.S. at 338, 349–50. A number of other courts have ruled similarly. *See, e.g., Fresh Int'l Corp. v. Agric. Lab. Rels. Bd.*, 805 F.2d 1353, 1358 n.5 (9th Cir. 1986) (denial of temporary restraining order was "not a proceeding of substance on the merits within the meaning of

---

[7] The state court docket reflects that Case Number 24000359CFAXMX was filed on April 3, 2024 and was consolidated with Case Number 24000358CFAXMX on December 31, 2024. [Doc. 97 at 4]. The Florida Defendants reference the consolidation, *see* [Doc. 91 at 2 n.1], but none of the Defendants meaningfully address the contours of the state court docket sheet, the proceedings reflected therein, or when the criminal case can be deemed initiated. The Court notes that the proceedings following the initiation of the earlier case include "extradition" proceedings, which is one of Plaintiff's main points of contention in this case.

[8] In his objections, Plaintiff does not identify a date on which he believes the criminal case was initiated. *See* [Doc. 80].

10

*Hicks*"); *Arbitron Inc. v. Cuomo*, No. 08-cv-08497-DLC, 2008 WL 4735227, at *4 (S.D.N.Y. Oct. 27, 2008) ("[A]ll that has happened is the denial of a TRO and the scheduling of a preliminary injunction hearing. Thus, as of this time, there is a pending state court action which may properly trigger *Younger* abstention."); *Wise v. Nordell*, No. 12-cv-01209-GPC-BGS, 2013 WL 1224302, at *2 (S.D. Cal. Mar. 22, 2013) ("The Court concludes that the rulings on Defendants' motion to dismiss and Plaintiffs' *ex parte* TRO are not substantial rulings on the merits of the case.").

Whether the Florida case is deemed to have existed and been pending since April 3, 2024 (the date a case was initiated against Plaintiff), December 13, 2024 (the date the information was filed), or December 31, 2024 (the date a separate case was filed and consolidated with the original action), no substantive proceedings on the merits had occurred in this case as of those dates. Judge Dominguez Braswell's November 2024 recommendation on Plaintiff's various motions was not a definitive ruling, and even this Court's denial of those motions in April 2025—well after the criminal proceedings had commenced against Plaintiff—cannot be deemed proceedings of substance on the merits. *Fresh Int'l Corp.*, 805 F.2d at 1358 n.5; *Arbitron Inc.*, 2008 WL 4735227, at *4. Nor did Judge Dominguez Braswell's denial of Plaintiff's motion for early discovery reach the merits of the case. *See* [Doc. 54 at 4]. In other words, the Court "had yet to consider anything approaching the merits" at the time the Florida criminal proceedings commenced. *Mannheim Video, Inc. v. Cnty. of Cook*, 884 F.2d 1043, 1045 (7th Cir. 1989). Accordingly, because the state court proceeding began before any proceedings of substance on the merits in this case, *Younger* abstention remains appropriate. *Ellis*, 667 F. App'x at 698.

11

Alternatively, Plaintiff argues that the "Colorado extradition proceeding has concluded," so "[t]here is no longer any active legal process pending against Plaintiff in Colorado" and there is "no 'ongoing' parallel proceeding anywhere that could justify abstention" under *Younger*. [Doc. 80 at 3–4]. The Court has already considered and rejected Plaintiff's argument that the state court proceedings must be filed in the same forum as the federal action for *Younger* abstention to apply, [Doc. 76 at 5–6], and the state court docket sheet reflects that there are ongoing proceedings in Florida, *see* [Doc. 97 at 3–4]. Moreover, Plaintiff cites no legal authority demonstrating that, under *Younger*, he can challenge certain piecemeal aspects of his criminal prosecution (i.e., the extradition proceedings alone). Accordingly, Plaintiff has not identified any error in Judge Dominguez Braswell's Recommendation, and this objection is respectfully **OVERRULED**.

### C.   Bad Faith

Next, Plaintiff argues that the Court should apply the bad faith exception to *Younger* abstention here. [Doc. 80 at 4]. However, Mr. Webb does not frame this argument as an objection to Judge Dominguez Braswell's Recommendation or identify any error in her analysis. *See* [*id.*]. Accordingly, this objection is sufficient to preserve the issue for de novo review. *See Saleh v. Silco Oil Co.*, No. 19-cv-02973-PAB-NRN, 2020 WL 4915604, at *3 (D. Colo. Aug. 20, 2020) ("In objecting to the magistrate judge's recommendation, plaintiffs must raise specific arguments addressing purported errors in the recommendation."); *Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) ("[The] objection disputes only the correctness of

the recommendation and does not point to specific errors made by Judge Dominguez Braswell. [The] objection is therefore insufficient.").[9]

Even if the Court were to consider Plaintiff's objections under a clear error standard,[10] Mr. Webb simply reiterates his arguments that the "prosecution was launched only after [he] filed his civil rights complaint," which he says is "a classic marker of retaliatory intent." [Doc. 80 at 4]. He also says that "Defendants proceeded with the prosecution and extradition despite multiple filings and notices informing them that the warrant was based on false statements," which is indicative of bad faith. [*Id.*]. However, as the Court has explained above, there were no proceedings of substance in this case prior to the initiation of the state prosecution. Moreover, as Plaintiff himself alleges (and concedes), an arrest warrant was issued (related to the eventual charges) prior to his filing of this federal case. See [*id.* at 2; Doc. 97 at 4]. That prosecutorial proceedings would follow after the issuance and effectuation of an arrest warrant is not, in the Court's view, indicative of retaliation, but simply the normal course of criminal proceedings.

And finally, the Court agrees with Judge Dominguez Braswell's analysis that Plaintiff has not demonstrated bad faith based on alleged false statements in the arrest warrant. See [Doc. 78 at 15–17]. The Court considers three factors in determining whether the bad faith exception to *Younger* abstention applies:

---

[9] The Court previously advised Plaintiff that objections that fail to identify any specific error in a pending recommendation are insufficient. See [Doc. 76 at 7–8].

[10] In the absence of a preserved objection, the Court may review a recommendation under any standard it deems appropriate. See *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Absent a valid objection, the Court reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than de novo review, Fed. R. Civ. P. 72(b).

> (1) whether [the prosecution] was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Plaintiff does not address these factors. Instead, he argues that bad faith is evident because "Defendants intentionally omitted exculpatory facts—namely, the timeline of Plaintiff's criminal case—in order to mislead the Court into abstention." [Doc. 80 at 3]. The Court has addressed the Florida Defendants' inadvertent filing error above and finds no evidence of bad faith on this basis. Plaintiff's other arguments about bad faith, *see* [*id.* at 4], are undeveloped and assert arguments already rejected by the Court, *see* [*id.* (arguing that the charges were retaliatory, which is indicative of bad faith)]. Accordingly, these objections are respectfully **OVERRULED**.[11]

---

[11] Plaintiff also directs the Court to the existence of attorney disciplinary proceedings against Florida attorney Joshua Wilson, *see* [Doc. 80 at 5], who Plaintiff says is a "private attorney whose conduct is materially connected to the events underlying this action," [Doc. 79 at 1]; *see also* [Doc. 85; Doc. 86]. Plaintiff alleges that Mr. Wilson "served as legal counsel to Zwaans International Yachting Division, LLC—the business associated with the disputed escrow transaction cited in Plaintiff's criminal case." [Doc. 79 at 1]. This argument was not raised before Judge Dominguez Braswell, *see* [Doc. 47; Doc. 59], and Plaintiff does not explain why this Court should entertain this argument in the first instance, *see* [Doc. 80]; *see also* NYW Civ. Practice Standard 72.3(b) ("[T]his Court disfavors the consideration of arguments . . . not made to the Magistrate Judge. Should the objecting party seek to make arguments . . . that were not raised before the Magistrate Judge, such party must expressly identify those arguments . . . and explain why such omitted arguments . . . should be considered, in the first instance, upon Objection."). The Court does not address this argument, the relevance of which is not clear to the Court.

## CONCLUSION

For the above reasons, **IT IS ORDERED** that:

(1) Plaintiff's Rule 72 Objection to Magistrate Judge's Recommendation [Doc. 80] is **OVERRULED**;

(2) The Amended Recommendation of United States Magistrate Judge [Doc. 78] is **ADOPTED**;

(3) Defendants Sheriff, Walters, Deckard and Martin County's Motion to Dismiss Amended Complaint [Doc. 31] is **GRANTED in part** and **DENIED in part**;

(4) The Pueblo Defendants' Motion to Dismiss [Doc. 52] is **GRANTED in part** and **DENIED in part**;

(5) Defendant Budensiek's Motion to Dismiss Amended Complaint [Doc. 67] is **GRANTED in part** and **DENIED in part**;

(6) Defendants Kaitlin Lustgarten and Thomas Bakkedahl's Motion to Dismiss Plaintiff's Amended Complaint With Prejudice and Incorporated Memorandum of Law [Doc. 74] is **GRANTED**;

(7) Plaintiff's Fourth and Fourteenth Amendment claims against Defendants Lustgarten and Bakkedahl are **DISMISSED without prejudice**, and Defendants Lustgarten and Bakkedahl are **DISMISSED** as Defendants in this case;

(8) Plaintiff's Fourth Amendment excessive force and Fourteenth Amendment deliberate indifference claims against Defendants Lucero and the John Doe

Pueblo County Deputies in their official capacity and Pueblo County are **DISMISSED without prejudice**;

(9) Plaintiff's Fourth, Eighth, and Fourteenth Amendment claims against the remaining Defendants based on the extradition proceedings or ongoing criminal prosecution, to the extent they seek equitable relief, are **DISMISSED without prejudice**;

(10) Plaintiff's Fourth, Eighth, and Fourteenth Amendment claims against the remaining Defendants based on the extradition proceedings or ongoing criminal prosecution, to the extent they seek money damages, are **STAYED** pending final resolution of Plaintiff's ongoing state criminal proceedings;

(11) This case is **ADMINISTRATIVELY CLOSED**, subject to reopening upon motion by any Party, pending the resolution of the state criminal proceedings or other good cause; and

(12) Within the lesser of **14 days** after the disposition of the state criminal proceedings, or on or before **March 23, 2026**, and **every 180 days thereafter**, the Parties shall file a joint status report informing the Court of the status of the state criminal proceedings.

DATED:  September 22, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

16