**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-02705-NYW-MDB

WILLIAM JAROD WEBB,

Plaintiff,

v.

MARTIN COUNTY, FLORIDA,
SHERIFF WILLIAM SNYDER, in his official capacity,
DETECTIVE NICOLE J. WALTERS, in her individual capacity,
SERGEANT JOSEPH DECKARD, in his individual capacity,
JOHN DOE MARTIN COUNTY DEPUTIES,
DAVID J. LUCERO,
JEFF CHOSTNER,
JOHN BUDENSIEK, and
JOHN DOE PUEBLO COUNTY DEPUTIES,

Defendants.

---

**MINUTE ORDER**

---

**Entered by Judge Nina Y. Wang.**

This matter is before the Court on Plaintiff's Motion to Lift the Stay and for Reconsideration in Light of Newly Discovered Evidence (the "First Motion to Lift Stay"), [Doc. 102], and Plaintiff's Motion to Lift Administrative Stay Based Upon Material Changed Circumstances (the "Second Motion to Lift Stay"), [Doc. 106].

This case arises from a criminal prosecution of Plaintiff William Jarod Webb ("Plaintiff" or "Mr. Webb") in Martin County, Florida. *See generally* [Doc. 18].[1] As pertinent to the issues pending before the Court, Plaintiff alleges, among other things, that the Florida arrest warrant "falsely claim[ed] [he] was a Florida resident who fled the state." [*Id.* at 8].

On September 22, 2025, this Court administratively closed this case pending resolution of the Florida criminal case. *See* [Doc. 99]. More specifically, Judge Dominguez Braswell concluded that abstention under *Younger v. Harris*, 401 U.S. 37

---

[1] Mr. Webb is charged with first degree grand theft under Fla. Stat. Ann. § 812.014 based on the alleged fraudulent retention of nearly $300,000 in escrow funds from an uncompleted yacht sale. *See* [Doc. 31-1 at 1, 4–5].

(1971),[2] was appropriate for this case, and based on *Younger*, she recommended that certain claims be dismissed without prejudice and certain claims be stayed, *see* [Doc. 78 at 25]. This Court adopted Judge Dominguez Braswell's Recommendation over Plaintiff's objections, dismissed certain claims, and stayed the remaining claims (through administrative closure) until the Florida criminal case is resolved. *See* [Doc. 99 at 6–14].

In the First Motion to Stay, Plaintiff argues that the Court should lift the administrative closure "based on newly discovered evidence demonstrating bad faith, misrepresentations, altered documents, and an ongoing Florida Bar investigation into Attorney Nicholas Zeher." [Doc. 102 at 1]. Plaintiff argues that this new evidence was not previously available and "directly contradicts key factual assumptions underlying *Younger* abstention." [*Id.* (italics added)]. He lists six categories of newly discovered evidence and states that this evidence "satisfies the bad-faith, extraordinary-circumstances, and irreparable-harm exceptions to" *Younger* abstention because the Florida "prosecution relied on false information, altered documents, and retaliatory motives." [*Id.* at 1–2]. The Court also notes that Plaintiff filed a "Notice of Newly Discovered Evidence Relevant to the Court's Abstention Analysis and the Bad-Faith Exception to *Younger*" one week before filing the First Motion to Lift Stay, which contains the purported new evidence. *See* [Doc. 101].

Before turning to Plaintiff's arguments, a summary of the purported new evidence is warranted. After the failed yacht sale (which also forms the basis of Plaintiff's criminal case), a party named Sabah Jabbar ("Mr. Jabbar") sued Mr. Webb. *See* [Doc. 101 at 6]. Mr. Jabbar is or was represented by Attorney Nicholas Zeher ("Mr. Zeher") in that case. [*Id.*]. During that civil litigation, Mr. Zeher sent an email to Mr. Webb's criminal defense attorney stating that

> Mr. Webb has a history of filing bar complaints (six I think stemming from this situation) on every lawyer that he encounters so since you represent him in the criminal case, I am serving this on you as to avoid any potential claim that I communicated with him while he is represented by counsel.

[*Id.* at 48].

In addition, a motion for default judgment filed against Mr. Webb in the civil case was denied because the summons served on him was not the one that had been issued by the clerk. [*Id.* at 45–46]. Plaintiff subsequently filed a complaint with the Florida Bar accusing Mr. Zeher of altering the civil summons by replacing a Florida address with an Alabama address. [*Id.* at 36]. In his formal response to the Bar complaint, dated

[2] Under the *Younger* abstention doctrine, "a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in 'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 669–70 (10th Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)).

October 23, 2025, Mr. Zeher stated that he "had no involvement in its alteration and did not learn of the alteration until he was alerted to it by the Court." [*Id.* at 6]. Rather, he claimed, the alteration was made by a former paralegal of his law firm. [*Id.* at 8 & n.1]. On November 18, 2025, the Florida Bar issued a letter to Mr. Zeher's counsel stating that the disciplinary case was transferred to the Florida Bar's Fort Lauderdale Branch Office. [*Id.* at 4].

Finally, during his deposition in the civil case, Mr. Jabbar purportedly stated that he knew that Mr. Webb lived in Alabama. [*Id.* at 61].

In the First Motion to Lift Stay, Plaintiff says that all of this new evidence supports application of the bad-faith exception to *Younger* abstention because "[t]he prosecution relied on false information, altered documents, and retaliatory motives." [Doc. 102 at 2]. Specifically, he states as follows:

> 1. Florida Bar Investigation: The Bar has formally acknowledged an active investigation into Attorney Zeher for misconduct connected to Plaintiff's case.
>
> 2. Admission of Altered Summons: Attorney Zeher admitted that a summons in the civil case was altered by his office and used without disclosure.
>
> 3. Judicial Finding of Invalid Service: A Florida judge determined the summons served was not the original issued by the Clerk.
>
> 4. Retaliatory Emails: Emails from Attorney Zeher disparage Plaintiff for filing Bar complaints, showing retaliatory motive.
>
> 5. Deposition of Sabah Jabbar: Jabbar admitted Plaintiff lived in Alabama, did not flee Florida, and that Jabbar himself breached the contract.
>
> 6. Email from [Mr. Webb's criminal defense counsel]: Confirms Plaintiff's Alabama residency was known, contradicting fugitive claims.

[*Id.* at 1–2]. However, Plaintiff makes no connection between this evidence and the *prosecution's* alleged bad faith in prosecuting his criminal case. *See* [*id.*]. "It is the plaintiff's heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment," *Amanatullah v. Colo. Bd. of Med. Examiners*, 187 F.3d 1160, 1165 (10th Cir. 1999) (cleaned up), and Plaintiff does not meet that burden here. Nor does Plaintiff raise arguments under any of the factors relevant to determining whether the bad-faith exception to *Younger* applies:

> There are three factors that courts have considered in determining whether a prosecution is commenced in bad faith or to harass: (1) whether it was frivolous or undertaken with no reasonably objective

> hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Plaintiff has not directed the Court to any evidence of the *prosecution's* conduct that shows that the prosecution was undertaken with no objective hope of success, was motivated by discrimination or retaliation, constituted harassment, or was an abuse of prosecutorial discretion. Plaintiff's "mere allegations" of bad faith are not sufficient to demonstrate that *Younger* abstention is inappropriate. *See Wilson v. Morrissey*, 527 F. App'x 742, 744 (10th Cir. 2013); *Wrenn v. Pruitt*, No. 21-cv-00059-JD, 2021 WL 1845968, at *4 (W.D. Okla. May 7, 2021). The First Motion to Lift Stay is respectfully **DENIED**.

In the Second Motion to Lift Stay, Plaintiff asserts that "[s]ince September 22, 2025, significant and highly irregular developments have occurred across both the related civil and criminal state court proceedings in Martin County, Florida." [Doc. 106 at 1]. Specifically, he states that a default judgment was entered against him in the civil action and was entered "under highly irregular, summary circumstances." [*Id.* at 2]. In response, Plaintiff filed multiple motions challenging the default judgment. [*Id.*]. He also again mentions Mr. Zeher's response to the Florida Bar disciplinary complaint, without arguing how this impacts the Court's *Younger* analysis. [*Id.* at 2–3]. He then states that "[t]he procedural timeline reveals a catastrophic, repeating breakdown in Plaintiff's Sixth Amendment right to effective, un-conflicted criminal counsel, subsequent to severe restraints previously imposed on his physical liberty," including a potential conflict of interest with his original criminal defense counsel, his "60 days of traumatic incarceration," the "[a]bandonment" and withdrawal of his second criminal defense counsel, and the suspension of a different attorney who Plaintiff claims is a "primary material party whose underlying deceptive acts and orchestration directly led to the multi-jurisdictional actions against Plaintiff." [*Id.* at 3–4]. Plaintiff argues that *Younger* abstention is no longer appropriate due to "bad faith or extraordinary harassment." [*Id.* at 4].

With respect to bad faith, Plaintiff again does not tie any of the purported new information to the prosecution's conduct or motivations in bringing this lawsuit. He has not met his "heavy burden" to demonstrate that the bad-faith exception to *Younger* abstention applies.

Aside from contexts in which there is bad faith, *Younger* abstention is "perhaps [applicable] in other extraordinary circumstances where irreparable injury can be shown." *Amanatullah*, 187 F.3d at 1165 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). "[A]t least two varieties of 'extraordinary circumstances' exist: (1) where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action and (2) where the state law or regulation to be applied 'is "flagrantly and patently violative of express constitutional prohibitions."'"

*Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 n.4 (10th Cir. 2009) (quoting *Trainor v. Hernandez*, 431 U.S. 434, 442 n. 7 (1977)).

Plaintiff appears to argue that Florida is not an appropriate forum for him to adjudicate his constitutional claims because (1) he "endured 60 days of incarceration" there and (2) "is subjected to a $1.1+ million final judgment" in a Florida court. [Doc. 106 at 4]. But the Court has already determined that Plaintiff has not shown harassment or bad faith on the part of the prosecution, and Plaintiff does not argue that the Florida statute underlying his criminal charge somehow violates his constitutional rights. The Court respectfully concludes that Mr. Webb has not demonstrated extraordinary circumstances warranting intervention in his state-court proceedings. The Second Motion to Lift Stay is accordingly **DENIED**.

For the reasons set forth in this Minute Order, it is **ORDERED** that:

(1) Plaintiff's Motion to Lift the Stay and for Reconsideration in Light of Newly Discovered Evidence [Doc. 102] is **DENIED**;

(2) Plaintiff's Motion to Lift Administrative Stay Based Upon Material Changed Circumstances [Doc. 106] is **DENIED**; and

(3) Plaintiff's Emergency Motion for Expedited Ruling on Pending Motion to Lift Stay and Second Motion to Lift Stay [Doc. 108] is **DENIED as moot**.

DATED: September 17, 2026